■ In the Matter of MARIE SAITZ et al., Respondents, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— In a proceeding pursuant to section 618 of the Insurance Law for leave to sue the Motor Vehicle Accident Indemnification Corporation (MVAIC), the appeal is from an order

of the Supreme Court, Suffolk County, dated August 6, 1969, which granted the application and denied MVAIC's cross motion to dismiss the petition. Order reversed, on the law and the facts, with $10 costs and disbursements; petitioners' application denied; MVAIC's cross motion granted; and petition dismissed. The female petitioner was injured when the bus on which she was a passenger was involved in an accident with a hit-and-run automobile. At the time of the accident the bus was covered by a policy of liability insurance which contained the standard indemnification indorsement required by subdivision 2-a of section 167 of the Insurance Law. The indorsement defines an "insured" as one who is a passenger in an automobile covered by insurance. Petitioners (the passenger and her husband) claim they are "qualified persons" within the meaning of the Insurance Law (§ 601, subd. b; § 618). We are of the opinion that petitioners are clearly "insured" persons within the definition of that term in the standard indemnification indorsement (see *Matter of Allcity Ins. Co.* [*Di Lorenzo*], 33 A D 2d 665; *Early* v. *MVAIC*, 32 A D 2d 1042; *Matter of Askey* [*General Acc. Fire & Life Assur. Corp.*], 30 A D 2d 632). Accordingly, they may not sue MVAIC, since they have an adequate remedy against the insurer of the bus. Rabin, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.